1 | MICHAEL A. LAURENSON (SBN: 190023)
  | SETH WEISBURST (SBN: 259323)
2 | GORDON REES SCULLY MANSUKHANI, LLP
  | 275 Battery Street, Suite 2000
3 | San Francisco, CA 94111
  | Telephone: (415) 875-3141
4 | Facsimile: (415) 986-8054
  | mlaurenson@grsm.com
5 | sweisburst@grsm.com

6 | Attorneys for Defendants
  | HIRENAMI, INC. dba VIDREACH;
7 | ITC HOLDING COMPANY, LLC;
  | BROWN SERVICE COMPANY, INC.
8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11

| BROOKE JIGGER, an individual; and JENNA BALLERE, an individual, | Case No.: |
|---|---|
| Plaintiffs, | **DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(b), AND 1446 (Diversity)** |
| vs. | |
| HIRENAMI, INC. dba VIDREACH, a Georgia Corporation; ITC HOLDING COMPANY, LLC, a Delaware limited liability company; BROWN SERVICE COMPANY, INC., a Georgia Corporation; and DOES 1 through 25, inclusive, | Accompanying Papers: Declaration of Ralph C. Mylie, Jr. Declaration of Seth Weisburst; Civil Cover Sheet |
| | Complaint filed: 12/27/2019 |
| Defendants. | |

-1-
DEFENDANTS' NOTICE OF REMOVAL

# NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Hirenami, Inc. dba vidREACH ("vidREACH"), ITC Holding Company, LLC ("ITC Holding Company"), and Brown Service Company, Inc. ("Brown Service Company") (collectively, "Defendants"), hereby remove to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the above-captioned action filed in the Superior Court of the State of California, County of Santa Clara, which is further described below.  In support of this removal, Defendants state as follows:

## I.   THE REMOVED CASE

1.   The removed case is a civil action filed in the Superior Court of the State of California, County of Santa Clara on December 27, 2019, entitled, *Brooke Jigger and Jenna Ballere v. Hirenami, Inc. dba vidREACH,  ITC Holding Company, LLC, Brown Service Company, Inc., and Does 1-25, inclusive*, Case No. 19CV360899 (the "State Complaint" or "Complaint").  A true copy of the State Complaint is annexed to the Declaration of Seth Weisburst in Support of Notice of Removal of Action filed herewith ("Weisburst Decl.," Ex. A).

2.   Plaintiffs alleges various causes of action in the State Complaint stemming from their employment with Defendants, including pregnancy and sex discrimination, retaliation, violations of the California Family Rights Act, violation of Article I, Section VIII of the California Constitution, violation of California's Pregnancy Disability Leave Law, violation of California Gov't Code §§ 12940(m) and (k), failure to engage in the interactive process, wrongful termination in violation of public policy, intentional infliction of emotional distress, and failure to pay wages upon termination.  (Ex. A to Weisburst Decl.)

3.   Plaintiffs served the Summons and State Complaint on Defendant vidREACH on January 6, 2020.  (Declaration of Ralph C. Mylie, Jr. ("Mylie Decl."), ¶ 5.)

4.   Plaintiffs served the Summons and State Complaint on Defendant ITC Holding Company on January 9, 2020.  (Mylie Decl., ¶ 7.)

5.   Plaintiffs served the Summons and State Complaint on Defendant Brown Service Company on January 14, 2020.  (Mylie Decl., ¶ 9.)

6. On February 3, 2020, Defendants answered the State Complaint in Santa Clara Superior Court. (Weisburst Decl., ¶ 6, Ex. C.)

7. Defendants are filing this Notice of Removal on February 5, 2020, which is within 30 days of service of the State Complaint on Defendants. All named Defendants consent to and support the removal of this action to this Court. (Mylie Dec., ¶ 1).

## II.   PROCEDURAL REQUIREMENTS

8. Defendants have thirty (30) days from the date of service or receipt of a copy of a pleading setting forth a removable claim to remove a case. 28 U.S.C. § 1446(b). Where removability is uncertain from the face of the pleading, the 30-day period is measured from the point at which defendant had notice that the action is removable. *Id.* Here, the Complaint was filed on December 27, 2019. Defendants were served with the State Complaint on January 6, 2020 (vidREACH), January 9, 2020 (ITC Holding Company), and January 14, 2020 (Brown Service Company). (Mylie Decl., ¶¶ 5, 7, 9.) Defendants are filing this Notice of Removal application on February 5, 2020, which is within 30 days of the State Complaint service of each of the Defendants. As such, this Notice of Removal is timely filed.

9. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the state court action in Defendants' possession are filed herewith. (Weisburst Decl., ¶¶ 4-8, Exs. A, B, and C.)

10. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Santa Clara, promptly after filing of this Notice of Removal with this Court.

11. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal in this Court.

12. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or

-3-
DEFENDANTS' NOTICE OF REMOVAL

1  relinquishment of Defendants' right to assert defenses including, without limitation, the defenses
2  of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii)
3  insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims
4  and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable parties, or (viii) any
5  other procedural or substantive defense available under state or federal law.

### III.   JURISDICTIONAL STATEMENT

7  14.   JURISDICTION: This action is a civil action over which this Court has original
8  jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by
9  Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between
10 citizens of different states and the matter in controversy exceeds the sum of $75,000.00.

11 15.   INTRADISTRICT ASSIGNMENT: Pursuant to 28 U.S.C. § 1446(a), venue is
12 proper in the Northern District of California because this district embraces the place in which the
13 removed action has been pending.  Plaintiff Jenna Ballere alleges that at all relevant times she
14 lived and worked in Santa Clara County, and Plaintiffs collectively chose to file the Complaint in
15 Santa Clara County (*See* Weisburst Decl. Ex. A (Complaint at ¶ 2).) Pursuant to Local Rules 3-2
16 and 3-5, as this action arises from Santa Clara County and assignment to the San Jose Division is
17 proper.

### III.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

19 16.   The amount at issue in the State Complaint is in excess of $75,000, exclusive of
20 interest and costs.  (*See* 28 U.S.C. § 1332; Weisburst Decl., ¶¶ 9-12).

21 17.   The removing party's initial burden is to "file a notice of removal that includes 'a
22 plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra*
23 *v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin*
24 *Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, [28 U.S.C.] § 1446(a)
25 tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds
26 for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

27 18.   Generally, a federal district court will first "consider whether it is 'facially
28 apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow*

1  *Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).  But a defendant may
2  remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required
3  amount. Absent the facial showing from the complaint, the court may consider facts averred in
4  the removal petition.  *Id.*  Next, if the defendant's allegation(s) regarding the amount in
5  controversy is challenged, then "both sides submit proof and the court decides, by a
6  preponderance of the evidence, whether the amount-in-controversy requirement has been
7  satisfied." *Ibarra*, 775 F.3d at 1195.  At that time, "it may be appropriate to allow discovery
8  relevant to [the] jurisdictional amount prior to remanding."  *Abrego*, 443 F.3d at 691 (internal
9  citation omitted).

10  19.  Here, Defendants dispute that they are liable for any damages whatsoever to
11  Plaintiffs.  Nevertheless, Defendants can demonstrate that the amount in controversy exceeds
12  $75,000 under the "preponderance of the evidence" standard.  *See Guglielmino v. McKee Foods*
13  *Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party
14  present evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Id.*

15  20.  In their Complaint, Plaintiffs allege and seek damages for lost past and future
16  earning and other economic damages since their termination from employment on April 4, 2019,
17  more than nine months ago. (*See* Weisburst Decl., Ex. A (Complaint at ¶¶ 24, 33, 42, 51, 62, 78,
18  90, 104, 121).)  Before her termination, Plaintiff Brooke Jigger was earning a $70,000 base
19  salary with a commission of up to an additional $60,000 annually.  (Weisburst Decl., ¶ 9).
20  Plaintiff Jenna Ballere was earning a $110,000 base salary with a commission of up to an
21  additional $60,000 annually. (*Id.*).  Seeking past earnings calculated on base salary alone dating
22  back to Plaintiffs' termination would be in excess of $54,000 for Ms. Jigger and more than
23  $85,000 for Ms. Ballere, or a total of more than $139,000.  (*Id.*)

24  21.  Thus, Plaintiffs' alleged lost past earning damages alone exceed $139,000.
25  Plaintiffs also seek general damages, punitive damages, expert witness fees, civil penalties, and
26  recovery of their attorneys' fees in the State Complaint. (*See* Weisburst Decl. Ex. A (Complaint
27  at ¶¶ 44-46, 53-55, 64-66, 72-73, 80-82, 92-94, 106-08,  and "Prayer for Relief".)  As such, the
28  amount in controversy exceeds $75,000.00. (*See* Weisburst Decl., ¶¶ 9-12.)

## V.     DIVERSITY OF CITIZENSHIP EXISTS

22.     Defendants are informed and believe that Plaintiffs were at the time of the filing of the Action, and still are, citizens of the State of California. Plaintiffs both allege in the Complaint that they are residents of the State of California.  (*See* Weisburst Decl., Ex. A (Complaint at ¶¶ 2-3).)

23.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Defendant vidREACH is a corporation that was at the time of the filing of the State Complaint, and still is, a citizen of the State of Georgia and not a citizen of the State of California.  (Mylie Decl., ¶ 4; *see also* Weisburst Decl., Ex. A (Complaint at ¶ 5).)  Defendant ITC Holding Company, LLC is a corporation formed under the laws of the State of Delaware with its principal place of business in the State of Georgia, and therefore a citizen of the State of Georgia and the State of Delaware, and not a citizen of the State of California.  (Mylie Decl., ¶ 6; *see also* Weisburst Decl., Ex. A (Complaint at ¶ 7).) Defendant Brown Service Company is a corporation that was at the time of the filing of the State Complaint, and still is, a citizen of the State of Georgia and not a citizen of the State of California.  (Mylie Decl., ¶ 8; *see also* Weisburst Decl., Ex. A (Complaint at ¶ 5).)

24.     Defendant vidREACH's principal place of business was at the time of the filing of the State Complaint, and still is, 3025 Windward Plaza, Suite 300, Alpharetta, GA 30005. (Mylie Decl., ¶ 4.)  Defendants ITC Holding Company and Brown Service Company share the same principal place of business: 1791 O.G. Skinner Dr., West Point, GA 31833.  (*Id.*, ¶¶ 6, 8.) This was the principal place of business for ITC Holding Company and Brown Service Company at the time of the filing of the State Complaint, and remains so today.  (*Id.*)

## VI.     CONCLUSION

25.     Consequently, the state court action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California, (ii) the action is between citizens of different states, and (iii) the amount in

controversy exceeds $75,000.00, exclusive of interest and costs.

Dated:  February 5, 2020                         GORDON REES SCULLY MANSUKHANI, LLP


                                                 By:      */s/ Seth Weisburst*
                                                       Michael A. Laurenson
                                                       Seth Weisburst

                                                 Attorneys for Defendants
                                                 HIRENAMI, INC. dba VIDREACH, ITC HOLDING COMPANY, LLC, and BROWN SERVICE COMPANY, INC.